## In re ELIOWICH.

(District Court, S. D. New York. September 28, 1906.)

### No. 8,081.

BANKRUPTCY—PROCEEDING BY TRUSTEE TO REQUIRE SURRENDER OF PROPERTY.

　　Where, after a trustee in bankruptcy had obtained a summary order requiring the bankrupt and his wife to turn over certain goods in their possession as property of the estate, and to account for the value of other goods not found, the seller of the goods to the bankrupt was permitted to rescind the sale for fraud and thus became reinvested with title, the

proceeding by the trustee cannot be continued for his benefit; his only right cognizable in bankruptcy being to liquidate his claim against the estate for the goods not recovered under direction of the court.

In Bankruptcy. On certificate from referee.

Louis H. Levin, for bankrupt.

King & Booth, for Columbian, etc., Co.

HOUGH, District Judge. The trustee herein having proceeded against the bankrupt and his wife for the summary recovery of certain property of the estate, to wit, some enameled ware, procured an order from the referee directing that certain of the goods discovered in their possession or the possession of one of them, should be forthwith delivered to him, and that, as to the goods not found in specie, Eliowich and wife should account, with the evident object of getting against them a summary order for the payment of a sum of money, failure to obey which order would be punishable as a contempt. At this stage of the proceeding the Columbian Company, which had sold to the bankrupt the goods in question a few days before failure, appeared before the referee, set forth that the goods had been obtained by fraud, that the sale had been rescinded by them, and title accordingly revested in the vendor, wherefore an order was asked directing that the trustee turn over to the rescinding vendor (the Columbian Company) the fruits of his attack on Mr. and Mrs. Eliowich, and that the accounting ordered in favor of the trustee be had with the Columbian Company and before the referee. Such order was made, the trustee executed an assignment (so called) to the Columbian Company, and the latter concern has proceeded to hold an accounting and enter an order directing the Eliowichs to pay certain moneys to the Columbian Company, the sole method of enforcing which order is by contempt proceedings. The correctness of that order is now here for review.

For this proceeding no precedent has been cited, and the above statement of facts seems to me to show a startling novelty of procedure. When the Columbian Company rescinded its contract with Eliowich, the title to the goods sold and the proceeds thereof reverted to it. Both goods and proceeds ceased to be property of the bankrupt, and the latter's possession became wrongful, not against the trustee, but against the Columbian Company. The trustee had no cause of action to assign to the Columbian Company, and the only right of that company cognizable in bankruptcy was an unliquidated claim in tort in respect of goods so wrongfully taken by the bankrupt as could not be specifically recovered. Such claim must be liquidated as the court may direct, as against the estate in bankruptcy. This vendor is practically using the bankruptcy court to sue the people who are alleged to have wrongfully taken certain merchandise. It is not pretended that this can be done by an original proceeding, and the case is no better because the trustee began it. He began to get "property of the bankrupt"; his proceeding is being carried on to get "property of the Columbian Company." The "assignment" does not bridge the chasm, for there was nothing to assign.

It is suggested that here is a "substitution of parties" within the act. In the sense in which that expression is used in the statute, it implies some succession in interest. There is none here. The act of the Columbian Company has destroyed what the trustee was after, by changing the nature of the property from that of the bankrupt to that of the defrauded vendor. It seems to me that this procedure, if permitted, is singularly dangerous. If the Columbian Company can do what is here attempted, no reason appears why, under similar circumstances (and they are common enough), the same course cannot be taken as an original proceeding, and thus debts collected through imprisonment, after bankruptcy, in a manner impossible by the ordinary processes of law.

The matter is remitted to the referee, with instructions to vacate the order directing David and Paulina Eliowich to account to the Columbian Company, and further instructions to proceed no further with the claim of the said company against the parties named, otherwise than to permit before him liquidation of the claim against the estate.